**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4387

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS WILLIAMS LEE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (7:05-cr-00085-F-ALL)

Submitted: September 28, 2006          Decided: October 5, 2006

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E.B. Holding, Acting United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Williams Lee, pled guilty to possession of a firearm by a convicted felon and possession of a stolen firearm which had been shipped in interstate or foreign commerce in violation of 18 U.S.C. §§ 922(g)(1), (j), 924 (2000), and was sentenced to seventy-one months of imprisonment on each conviction to be served concurrently.  On appeal, Lee argues that the district court erred by imposing an unreasonable sentence.  For the reasons that follow, we affirm.

The district court considered Lee's properly calculated sentencing range of 57 to 71 months and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp.2006) and sentenced him to 71 months of imprisonment.  After the Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines.  See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).  In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the applicable guideline range as well as § 3553(a).  If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

The district court imposed a sentence within the properly calculated guideline range and well below the statutory maximum

sentence of ten years' imprisonment for each count, to run concurrently. The court permitted counsel to offer extensive arguments in mitigation, including consideration of Lee's personal history and circumstances. Hence, we reject Lee's assertion that the court considered his criminal history exclusively in imposing a sentence. Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED